**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25220-BLOOM**

YEDANI DIAZ BOYZO,

Petitioner,

v.

MIAMI FIELD OFFICE DIRECTOR,
*U.S. Immigration and Customs Enforcement*,
*in his official capacity*; MARKWAYNE MULLIN,
*Secretary of the U.S. Department of Homeland Security*,
*in his official capacity*,

Respondents.
_______________________________________________/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court upon Petitioner Yedani Diaz Boyzo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that she has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody.

28 U.S.C. § 2243 provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Counsel for Respondents shall immediately notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

2. **On or before August 7, 2026,** Respondents shall file a memorandum of fact and law to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").
3. Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court must be served on the habeas petitioner.").
4. Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Court dockets the Response. The reply, if any, **shall not exceed ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).
5. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov