**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25220-BLOOM**

YEDANI DIAZ BOYZO,

Petitioner,

v.

MIAMI FIELD OFFICE DIRECTOR,
*U.S. Immigration and Customs Enforcement*,
*in his official capacity*; MARKWAYNE MULLIN,
*Secretary of the U.S. Department of Homeland Security*,
*in his official capacity*,

Respondents.
_______________________________________________/

**AGREED ORDER MODIFYING PARAGRAPH 5 OF THE ORDER TO SHOW CAUSE (ECF NO. 3)**

**THIS CAUSE** is before the Court on the parties' Joint Motion to Modify Paragraph 5 of the Order to Show Case (ECF. No. 3) Subject to Party Stipulations, ECF No. [11] ("Joint Motion"), filed jointly by Petitioner Yedani Diaz Boyzo and Respondents, in resolution of Respondents' previously denied Motion to Vacate Stay of Removal or Transfer, ECF No. [7]. Having reviewed the Joint Motion and being advised that the parties agree to its terms, the Court finds good cause to **GRANT** the Joint Motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion, **ECF No. [11]**, is **GRANTED.** The agreed terms set forth below resolve, on a stipulated basis, the relief Respondents previously sought in their Motion to Vacate Stay of Removal or Transfer, ECF No. [7], which this Court previously denied.
2. Paragraph 5 of the Order to Show Cause, **ECF No. [3]**, is **MODIFIED** to permit Respondents to transfer Petitioner to a suitable detention facility located anywhere within

the State of Florida. Respondents shall otherwise remain enjoined, during the pendency of Petitioner's removal proceedings, from transferring or relocating Petitioner outside the geographic boundaries of the State of Florida, absent further order of this Court upon a showing of a bona fide medical emergency requiring out-of-state treatment.

3. Within five (5) calendar days of the date of this Order, Respondents shall either:
    a. transfer Petitioner to a detention facility with available bedspace for female detainees, within the State of Florida, at which an immigration judge is assigned to conduct removal and custody determination proceedings, and immediately calendar Petitioner's removal proceedings to the detained docket of that court; or
    b. release Petitioner from ICE custody, on her own recognizance or on reasonable, non-monetary conditions of supervision.
4. The parties agree, and the Court finds, that Petitioner is entitled to an individualized bond hearing. *See Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026).
5. If Respondents proceed under paragraph 3(a) above, the burden at any resulting custody-determination hearing shall be on the government to establish, by clear and convincing evidence, that Petitioner's continued detention is warranted because she poses a flight risk or a danger to the community. Petitioner shall not bear the burden of proving on her own eligibility for release. Nothing in this Order precludes Petitioner from moving this Court for further relief, amelioration of conditions of confinement that are contrary to law or Orders of this Court, or a date-certain hearing deadline, should Respondents fail to promptly proceed to a custody-redetermination hearing following any transfer.
6. Respondents shall permit undersigned counsel for Petitioner to retrieve Petitioner's personal property currently held in intake/property at the Miramar ICE Field Office, including her cell phone, upon presentation of appropriate authorization (counsel's Form

G-28), at a date and time to be arranged with facility staff within five (5) business days of the date of this Order.

7. Regardless of the facility at which Petitioner is detained pending compliance with this Order, Respondents shall ensure that Petitioner is afforded confidential, in-person attorney-client communication with undersigned counsel, consistent with 8 C.F.R. 1003.19 and applicable ICE detention standards governing legal access.
8. This Court RETAINS JURISDICTION over this action to enforce the terms of this Order, including to entertain any motion for contempt, sanctions, or further relief in the event of noncompliance.
9. Respondents shall file a notice of compliance with this Order, certifying the date and manner of Petitioner's release or transfer and the date of counsel's property retrieval, within three (3) business days of completion of the actions required above.
10. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**